# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| RATARSHA MANIER | Civil Action No.: 4:23-cv-343 |
| Plaintiff | |
| v. | JURY TRIAL DEMANDED |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, HILTON DOMESTIC OPERATING COMPANY, LLC. | |
| Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Ratarsha Manier ("Plaintiff" or "Manier") brings this action against Defendants Lincoln Life Assurance Company of Boston, The Lincoln National Life Insurance Company, Hilton Domestic Operating Company, LLC. for violating the laws of the United States of America, and respectfully alleges the following:

### I.   INTRODUCTION

1. Plaintiff, Ratarsha Manier, through undersigned counsel, brings this action seeking monetary relief pursuant to § 502(a)(1) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§ 1001 to 1461, pre-judgment and post-judgment interest, attorneys' fees, expenses and costs against Defendants.

2. Plaintiff demands a jury on all issues triable to a jury.

## II.     PARTIES, JURISDICTION, AND VENUE

3.     Upon information and belief, prior to her death on December 5, 2020, BRIEANNA MANIER ("Brieanna"), was a citizen and resident of Collin County, Texas and is the daughter of Plaintiff, Ratarsha Manier.

4.     Ratarsha Manier ("Ratarsha") is an adult citizen of the United States, residing in the city of McKinney in the State of Texas and is the surviving mother of Brieanna.

5.     Upon information and belief, Defendant, Lincoln Life Assurance Company of Boston ("LAC"), is a corporation located in Dover, New Hampshire but doing business in Texas as a licensed insurer by the Texas Department of Insurance and can be served at its location at 100 Liberty Way, Suite 100, Dover, NH 03820-4695.

6.     Upon information and belief, Defendant, The Lincoln National Life Insurance Company ("LIC") is an Indiana corporation but doing business in Texas as a licensed insurer by the Texas Department of Insurance and can be served at its location 1300 South Clinton Street, Fort Wayne, IN 46802.

7.     Upon information and belief, Defendant, Hilton Domestic Operating Company, LLC is a corporation doing business in the State of Texas and can be served by and through its registered agent, Corporation Service Company DBA CSC-Lawyers Incorporated, 211 E. 7th Street, Suite 620, Austin, TX 78701.

8.     The Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 and 29 U.S.C. §§ 1001 *et seq.* as this action being brought under § 502(a)(1) of the ERISA, 29 U.S.C. §§1132, 1133, & 1140 and as further defined by I.R.C.  §62(e)(18).

9. Venue is proper in the Northern District of Texas, under 29 U.S.C. 1132(e)(2) since the substantial part of the events or omissions giving rise to this cause of actions occurred in the Northern District of Texas.

### III. STANDARD OF REVIEW

10. The standard of review in this case is de novo. The Supreme Court held "[A] denial of benefits challenge under §1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Burch*, 489 U.S. 101, 115 (1989). In this case there is no evidence that the AD&D Plan claim's administrator has the power to construe uncertain plan terms or that benefit determinations be given deference.

11. Alternatively, little deference should be given to Defendants' decision because, among other things, Defendants failed to provide a full and fair review and has a financial conflict of interest.

12. Defendants fund and administer the plan with sole authority to grant or deny benefits. Defendant has an inherent conflict of interest.

13. Plaintiff contends that the Plan fails to give the Defendants said discretion or that the granting of said discretion is so vague as to be legally defective.

14. Because of the conflict of interest described above, Defendant's decision to deny accidental death benefits should be reviewed by this Court under a de novo standard of review.

15. Defendants have a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. All administrative remedies have been exhausted. On or about April 23, 2021, Defendants have formally acknowledged exhaustion of all administrative remedies and has confirmed its continued refusal to pay Plaintiff the accidental death benefits to which she is entitled.

17. Plaintiff provided Defendants with her deceased daughter's medical records and supporting documents to demonstrate she was qualified for the accidental death benefits under the AD&D Policy. Nevertheless, Defendants refused to review or consider those documents adequately. Plaintiff incorporates all documents referenced above into this complaint by reference and maintains that Defendants failed to conduct a full and fair review and abused their discretion.

18. Plaintiff has commenced this lawsuit within the four year statute of limitations applicable to a denial of benefits claim under ERISA.

## V. FACTS

19. Plaintiff realleges and reasserts each and every allegation contained in the above paragraphs with the same force and effect as is fully set forth herein.

20. At all times relevant to this case, Plaintiff was an employee of the Hilton Domestic Operating Company, LLC (hereinafter "Hilton").

21. At all times relevant to this case, Plaintiff was a participant within the meaning of 29 U.S.C. § 1002(7), of the AD&D Plan.

22. The AD&D Plan was an employee benefit plan which provided accidental death and dismemberment benefit qualified employees of Hilton along with their family members, if selected.

23. The AD&D plan is subject to ERISA.

24. AD&D benefits under the Plan are paid through a group insurance policy issued to Hilton by Lincoln Life Assurance Company of Boston ("LAC") and administered through The Lincoln National Life Insurance Company ("LIC").

25. Plaintiff, Ratarsha Manier (hereinafter "Ratarsha") worked at Hilton and opted for AD&D coverage for herself and her family including her daughter Brieanna.

26. Through her employment with Hilton, Ratarsha opted for benefits amounting to $350,000.00 for coverage of herself and her family (including Brieanna) for accident death and dismemberment (AD&D).

27. The AD&D benefit through Hilton is considered an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. § 1001, et. Seq. and the regulations promulgated thereunder.

28. The AD&D plan is administered through LIC and covered by LAC.

29. LIC is considered the plan administrator for the AD&D Plan under ERISA because it is named as the Plan Administrator in the Plan or, alternatively, it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

30. Ratarsha had the option to designate coverage up to 8 times her salary. She opted for the maximum which makes benefits approximately $350,000.00.

31. Ratarsha is the designated beneficiary of the AD&D coverage which covered Brieanna.

32. During her lifetime, Ratarsha complied with all conditions precedent to coverage under said Plan/Policy.

33. Thereafter, on or about October 28, 2020, Brieanna was involved in a car accident which resulted in an injury to her knee and shoulder.

34. Unknown to Brieanna or anyone else, the accident in October 2020 as described above produced a blood clot which eventually traveled to Brieanna's heart.

35. Brieanna died on December 5, 2020 after she passed out while walking into a building. She was declared dead a few hours later at the hospital. She was only 25 years old at the time of her death.

36. The Medical Examiner for Collin County Texas, Dr. William B. Rohr, M.D. ruled that the death was an accident and caused by "Blunt Force Knee Injury Resulting in Pulmonary Embolism and Infarction."

37. More specifically the Medical Examiner states that the pulmonary embolism (blood clot) added strain on the heart which contributed to pulmonary infarction.

38. The medical examiner further stated that he did not believe any natural disease process contributed to the blood clot caused by the car accident on or about October 28, 2020.

39. Ratarsha made a claim on the AD&D Plan/Policy for her daughter's death.

40. Despite these conclusions by an expert who directly examined Brieanna's body, Defendants denied

41. Subsequently, on or about, December 5, 2020, Ratarsha filed a claim on the AD&D policy for her daughter's accidental death.

42. Defendants ruled that Ratarsha was not entitled to any benefits under the AD&D policy/plan because her daughter, Brieanna, citing an exclusion which states: "No benefits are payable for any loss that is contributed to or caused by:…6. Disease, bodily or mental illness (or medical or surgical treatment thereof)."

43. On or about February 24, 2021, Defendants denied Ratarsha's claim for AD&D benefits due to Brieanna's death.

44. On or about March 3, 2021, Ratarsha made an appeal to defendants under ERISA.

45. On or about April 26, 2021, Defendants denied Ratarsha's appeal.

46. Since that time, Ratarsha has submitted additional proof and information as well as an amended death certificate from the medical examiner more clearly showing Brieanna's death was ruled an accident, but to no avail.

47. Therefore, Ratarsha files this lawsuit in an attempt to pursue the AD&D policy benefits to which she is legally entitled.

## V. CLAIM FOR DENIED BENEFITS PURSUANT TO ERISA

48. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if full stated herein.

49. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

50. At all times relevant to this claim, Plaintiff was entitled to AD&D benefits under the Plan given that her daughter Brieanna died due to accident as required to trigger coverage under the Plan.

51. Defendant's denial of AD&D benefits to Plaintiff constitutes a violation of the terms of the AD&D Plan and Plaintiff's rights under the same.

52. Plaintiff is entitled to have the Court conduct a de novo review of the issues stated herein.

53. In the alternative, Defendants' decision to deny Plaintiff's benefits is arbitrary and capricious. Defendants operate with a conflict of interest because it operates the AD&D Plan in its own interest and the AD&D Plan, in turn, relies on LIC's evaluation.

54. Plaintiff seeks to recover benefits denied under the AD&D Plan in addition to attorney's fees and costs, pre-judgment and post-judgment interest and all such other relief to which she may be entitled.

## VIII.

## PRAYER FOR RELIEF

55. WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding her:

   a. Declaration that AD&D Plan and Defendants violated the terms of the AD&D Plan by denying Plaintiff AD&D benefits;

   b. And order AD&D Plan and Defendants to pay death benefits to Plaintiff pursuant to the terms of the AD&D Plan to which Plaintiff is contractually entitled, together with pre-judgment and post-judgment interest through the date judgment is entered herein;

   c. And award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA §502(g), 29 U.S.C. §1132(g); and

   d. Such other and further relief as the Court deems equitable and just.

DATED:  April 19, 2023                    RESPECTFULLY SUBMITTED,

**THE BHATTI LAW FIRM, PLLC**

/s/Vincent Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
5700 Tennyson Parkway
Suite 300
Dallas, Texas 75024
(214) 253-2533 (Telephone)

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                 8

(214) 279-0033 (Facsimile)
vincent.bhatti@bhattilawfirm.com
Ditty.bhatti@bhattilawfirm.com
*Attorneys for Plaintiff s*