**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **RATARSHA MANIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 4:23-cv-00343-SDJ** |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, THE LINCOLN NATIONAL LIFE INSURNCE COMPANY, HILTON DOMESTICE OPERATING COMPANY, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant The Lincoln National Life Insurance Company (f/k/a Lincoln Life Assurance Company of Boston)[1] ("Defendant" or "Lincoln") files this Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Ratarsha Manier ("Plaintiff"), and states as follows:

1. Lincoln admits Plaintiff's claims are governed by Section 502 of Employee Retirement Income Security Act of 1974, as amended ("ERISA") (29 U.S.C. § 1132(a)(1)(B)). Lincoln admits that by this action, Plaintiff is seeking recovery of life insurance benefits from Hilton Domestic Operating Company Inc. Life Plan (the "Plan"), along with attorney's fees and other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

---

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston was the issuer of the relevant life insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct name of the Defendant in this action.

2. Lincoln admits that Plaintiff requests a jury trial in this action, but Lincoln denies that Plaintiff is entitled to trial by jury under ERISA for the claims brought by Plaintiff. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Upon information and belief, Lincoln admits the allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits, upon information and belief, that Plaintiff is the mother of Brieanna Manier (the "Decedent"). Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this and all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits the allegations contained in Paragraph 6 of the Complaint.

7. To the extent that the allegations contained in Paragraph 7 of the Complaint pertain to Defendant Hilton Domestic Operating Company, LLC ("Hilton"), Lincoln is not required to respond.

8. Lincoln admits that Plaintiff's claims are governed by ERISA under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln specifically denies that the bringing of this action or the recitation of venue bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that venue of this action is proper in this Court. To the extent that Paragraph 9 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. To the extent that Paragraph 10 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln denies the allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits it issued Group Life Insurance Policy numbered SA3-890-LF0109-01 (the "Policy") to Hilton which Policy, at certain times, insured benefits paid by the Plan sponsored by Hilton to provide life benefits to certain of its employees. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the Plan under the Policy that is the subject of the above-styled action. Lincoln denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln denies the allegations contained in Paragraph 13 of the Complaint.

14. Lincoln denies the allegations contained in Paragraph 14 of the Complaint.

15. To the extent that Paragraph 15 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits it sent a letter to Plaintiff dated April 26, 2021, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits Plaintiff submitted a claim for benefits from the Plan under the Policy, along with additional documentation. Lincoln admits that the claim file upon which Plaintiffs' claim for life benefits from the Plan under the Policy was evaluated by Lincoln contains medical records reflecting Decedent's accident, diagnoses, and treatment and a death certificate reflecting the date and manner of Decedent's death, and Lincoln refers to the claim file as the best evidence of its contents. Lincoln admits that it sent a letter dated February 2, 2021, to the Turrentine-Jackson-Morrow Funeral Home, and letters dated February 2, 2021, February 24, 2021, and April 26, 2021, to Plaintiff, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. To the extent that Paragraph 18 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 18 of the Complaint as though fully set forth in response to Paragraph 19 of the Complaint.

20. Lincoln admits Plaintiff was, at certain times, employed by Hilton. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits Plaintiff was, at certain times, employed by Hilton, and a participant in the Plan. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits the allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits the allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that Lincoln Life Assurance Company of Boston has now merged with, and is now known as, The Lincoln National Life Insurance Company. Lincoln admits it

issued the Policy to Hilton, which Policy, at certain times, insured benefits paid by the Plan. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the Plan under the Policy that is the subject of the above-styled action. Lincoln denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits the allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that Plaintiff elected the $350,000 option for Accidental Death & Dismemberment ("AD&D") coverage from the Plan. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that the Plan is an employee welfare benefit plan as defined by ERISA. To the extent that Paragraph 27 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that Lincoln Life Assurance Company of Boston has now merged with, and is now known as, The Lincoln National Life Insurance Company. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the Plan under the Policy that is the subject of the above-styled action. Lincoln denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. To the extent that Paragraph 29 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the Plan under the Policy that is the subject of the above-styled action. Lincoln denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that Plaintiff elected the $350,000 option for AD&D coverage from the Plan. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that Plaintiff is the designated beneficiary of the claim for AD&D benefits pertaining to Decedent's death. Lincoln denies the allegations contained in Paragraph 31 of the Complaint.

32. Lincoln denies the allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that the claim file upon which Plaintiffs' claim for life benefits from the Plan under the Policy was evaluated by Lincoln contains medical records reflecting Decedent's accident, diagnoses, and treatment and a death certificate reflecting the date and manner of Decedent's death, and Lincoln refers to the claim file as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that the claim file upon which Plaintiffs' claim for life benefits from the Plan under the Policy was evaluated by Lincoln contains medical records reflecting Decedent's accident, diagnoses, and treatment and a death certificate reflecting the date and manner of Decedent's death, and Lincoln refers to the claim file as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that the claim file upon which Plaintiffs' claim for life benefits from the Plan under the Policy was evaluated by Lincoln contains medical records reflecting Decedent's accident, diagnoses, and treatment and a death certificate reflecting the date and manner of Decedent's death, and Lincoln refers to the claim file as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that the claim file upon which Plaintiffs' claim for life benefits from the Plan under the Policy was evaluated by Lincoln contains medical records reflecting Decedent's accident, diagnoses, and treatment and a death certificate reflecting the date and manner of Decedent's death, and Lincoln refers to the claim file as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that the claim file upon which Plaintiffs' claim for life benefits from the Plan under the Policy was evaluated by Lincoln contains medical records reflecting Decedent's accident, diagnoses, and treatment and a death certificate reflecting the date and manner of Decedent's death, and Lincoln refers to the claim file as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that the claim file upon which Plaintiffs' claim for life benefits from the Plan under the Policy was evaluated by Lincoln contains medical records reflecting Decedent's accident, diagnoses, and treatment and a death certificate reflecting the date and manner of Decedent's death, and Lincoln refers to the claim file as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits Plaintiff submitted a claim for AD&D benefits from the Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that it sent letters dated February 24, 2021, and April 26, 2021, to Plaintiff, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that the claim file upon which Plaintiffs' claim for life benefits from the Plan under the Policy was evaluated by Lincoln contains medical records reflecting Decedent's accident, diagnoses, and treatment and a death certificate reflecting the date and manner of Decedent's death,

and Lincoln refers to the claim file as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits Plaintiff submitted a claim for AD&D benefits from the Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that it sent letters dated February 24, 2021, and April 26, 2021, to Plaintiff, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that it sent a letter dated February 24, 2021, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits Plaintiff submitted an appeal of the denial of AD&D benefits. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that it sent a letter dated April 26, 2021, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits that the claim file upon which Plaintiffs' claim for life benefits from the Plan under the Policy was evaluated by Lincoln contains medical records reflecting Decedent's accident, diagnoses, and treatment and a death certificate reflecting the date and manner of Decedent's death, and Lincoln refers to the claim file as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits that by this action, Plaintiff is seeking recovery of life insurance benefits the Plan, along with attorney's fees and other damages, but Lincoln denies Plaintiff is

entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 47 of the Complaint as though fully set forth in response to Paragraph 48 of the Complaint.

49. To the extent that Paragraph 49 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln denies the allegations contained in Paragraph 50 of the Complaint.

51. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln denies the allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits it issued the Policy to Hilton, which Policy, at certain times, insured benefits paid by the Plan. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the Plan under the Policy that is the subject of the above-styled action. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that by this action, Plaintiff is seeking recovery of life insurance benefits the Plan, along with attorney's fees and other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs a-d thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

4. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

5. Trial by jury is not available under ERISA for the claims brought by Plaintiff.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 30th day of May 2023.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANTS LINCOLN LIFE ASSURANCE COMPANY OF BOSTON AND THE LINCOLN NATIONAL LIFE INSURANE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Vincent J. Bhatti
Email: Vincent.bhatti@bhattilawfirm.com

Ditty S. Bhatti
Email: Ditty.bhatti@bhattilawfirm.com

May30, 2023 — /s/ Iwana Rademaekers
Date — Iwana Rademaekers