In the United States District Court
for the Eastern District of Texas
Sherman Division

| | | |
|---|---|---|
| Ratarsha Manier, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| Lincoln Life Assurance Company of Boston; The Lincoln National Life Insurance Company; and Hilton Domestic Operating Company LLC, | § | Civil Action No. 4:23-cv-343-SDJ |
| | § | |
| *Defendants*. | § | |

**Hilton Domestic Operating Company Inc.'s**
**<u>Motion to Dismiss and Brief in Support</u>**

Defendant Hilton Domestic Operating Company Inc. ("HDOC") is the successor by merger to Hilton Domestic Operating Company LLC. HDOC is not subject to personal jurisdiction in Texas and is not a proper party to this insurance coverage dispute. This case should be dismissed as to HDOC under Fed. R. Civ. P. 12(b)(2), (3), and (6).

## I.
## <u>Summary</u>

- Plaintiff purchased accidental death and dismemberment (AD&D) insurance for herself and her family from Lincoln Life Assurance Company of Boston and/or the Lincoln National Life Insurance Company (the "Lincoln Defendants").
- Plaintiff's daughter passed away due to complications from an automobile accident.

- Thereafter, Plaintiff made a claim under the AD&D policy.
- The Lincoln Defendants denied coverage under an exclusion to the AD&D policy.
- Plaintiff filed suit against the Lincoln Defendants and Hilton Domestic Operating Company LLC on the basis that Hilton Domestic Operating Company LLC was her employer.
- Neither HDOC nor its predecessor, Hilton Domestic Operating Company LLC, is Plaintiff's employer and neither entity was involved in the Lincoln Defendants' decision to deny coverage.
- This court is not the proper venue for this case.

## II.
## Issues to be Decided by the Court

1. Whether the Court has personal jurisdiction of HDOC despite the fact that it is not Plaintiff's employer and does not do business in Texas.
2. Whether HDOC is a proper party to this insurance coverage dispute under ERISA when the insurers and not HDOC made the coverage decision.
3. Whether venue is proper in this Court.

## III.
## Facts

1. Plaintiff alleges that she purchased AD&D insurance from the Lincoln Defendants for her and her family through her employer.[1]

2. Plaintiff alleges that she is an employee of HDOC.[2] HDOC has provided evidence to show that she is not an employee of HDOC.[3]

[1] Complaint, paras. 24-25.
[2] Complaint, para. 25.
[3] Declaration of James O. Smith (attached hereto as Exhibit "A"), para. 4.

3. Plaintiff admits in her Complaint that the AD&D policy is administered through Defendant Lincoln National Life Insurance Company ("LIC") and is covered by Lincoln Life Assurance Company of Boston.[4]

4. Plaintiff also admits that Defendant LIC is the plan administrator for purposes of the Employee Retirement Income Security Act of 1974 ("ERISA").[5]

5. Plaintiff alleges that in October 2020 her daughter was involved in an auto accident which resulted in her death a few weeks later.[6]

6. Plaintiff made a claim under the AD&D insurance policy and alleges that benefits were denied under a policy exception for a loss caused by "disease, bodily or mental illness (or medical or surgical treatment thereof)."[7]

7. Other than general allegations against all of the named Defendants, Plaintiff's Complaint is devoid of any specific allegations that HDOC wrote the policy or was involved in the coverage decision.

---

[4] Complaint, paras. 24, 28.
[5] Complaint, para. 29.
[6] Complaint, paras. 33-38.
[7] Complaint, para. 42.

8. By Plaintiff's own allegations, the Lincoln Defendants had the sole authority to construe the AD&D policy and determine benefit eligibility.

9. Similarly, Plaintiff alleges that the Lincoln Defendants, not HDOC, decided coverage pursuant to the terms of the plan.

10. Also, HDOC is a Delaware corporation with its principal place of business in Virginia.[8]

11. HDOC does not have any office or employees in Texas and does not do any business in Texas.[9]

## IV.
## Arguments and Authorities

### *1. The Court lacks personal jurisdiction of HDOC.*

HDOC moves for dismissal under Rule 12(b)(2) because the Court lacks personal jurisdiction. Upon such a motion, Plaintiff bears the burden to prove that the Court has personal jurisdiction over HDOC. *Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008). To satisfy her burden, Plaintiff must prove that the exercise of personal jurisdiction over HDOC "comport[s] with both federal constitutional due process requirements and the long-arm statute of the state in which the

---

[8] Smith Declaration, para. 3.
[9] *Id.*

district court is located." *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013); *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015). "Because Texas's long-arm statute extends to the limits of federal constitutional due process, only [the latter] inquiry is required." *New World Int'l*, 859 F.3d at 1037 (quoting *Companion Prop. & Cas. Ins. Co.*, 723 F.3d at 1037).

Thus, in this case, to satisfy the due process requirement, Plaintiff must prove that (1) HDOC purposefully availed itself of the benefits and protections of the State of Texas by establishing "minimum contacts" with the state and (2) the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *Id*. "Minimum contacts" fall into two categories: "contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

General jurisdiction requires "that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). A defendant is subject to general jurisdiction only if its contacts with the forum state are so continuous and systematic

"as to render [the defendant] essentially at home in the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). "The 'continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.'" *Johnston*, 523 F.3d at 609 (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001)).

General jurisdiction is appropriate only in "'instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against [the corporation] on causes of action arising from dealings entirely distinct from those activities.'" *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 924 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). The archetype forum for exercising general jurisdiction over a corporation is a place "in which the corporation is fairly regarded as at home," *i.e.,* its place of incorporation or its principal place of business. *Id.* The United States Supreme Court has emphasized that "'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that State." *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Daimler AG*, 571 U.S. at 137).

Here, HDOC is a Delaware corporation with its principal place of business in Virginia. It has no office or employees in Texas and performs

no business in Texas. It does not have any continuous or systematic contacts with Texas. Plaintiff has alleged only that HDOC is her employer, but it is not. Her employer is Hilton Employer Inc. Plaintiff has therefore not shown that HDOC has the kind of close contacts with Texas to render it subject to general personal jurisdiction in Texas.

As for specific personal jurisdiction, Plaintiff is required to satisfy a three-pronged test:

> (1) whether the defendant has minimum contacts with the forum state, *i.e.,* whether it purposefully directed its activities towards the forum state or purposefully availed itself of the privileges of conducting activities there;
>
> (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
>
> (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). Here, Plaintiff incorrectly contends that HDOC is her employer. Since it is not her employer, she has not shown any specific contact of HDOC that gives rise to her cause of action. Therefore, HDOC is not subject to specific personal jurisdiction in Texas.

As Plaintiff cannot prove that the Court has personal jurisdiction of HDOC, this case should be dismissed as to it under Rule 12(b)(2).

### *2. HDOC is not a proper party.*

Even if the Court had personal jurisdiction of HDOC, and even if HDOC were Plaintiff's employer, it is not a proper party in this case under ERISA. Plaintiff has therefore failed to state claim on which relief can be granted against HDOC and this case should be dismissed as to HDOC under Rule 12(b)(6).

Plaintiff says that her claim arises under ERISA. According to ERISA's terms, where a plaintiff is seeking a money judgment for benefits allegedly due under an employee benefit plan, the proper party to be sued is the plan itself. 29 U.S.C. § 1132(d)(1). Any money judgment in such a case is enforceable only against the plan as an entity and is not enforceable against any other person. 29 U.S.C. § 1132(d)(2).

The Fifth Circuit has recognized that an employer can be a proper party to an ERISA suit, but only if it made the decision to deny benefits. *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349-50 (5th Cir. 2003); see also *Armando v. AT&T Mobility*, 487 Fed.Appx. 877, 879 (5th Cir. 2012) (even where carrier would consider information provided by employer, carrier made the benefit determination and employer was therefore not a proper party). An ERISA plan beneficiary cannot properly bring a denial-of-benefits claim against an employer when the insurer and not the employer has the final authority to make

benefits determinations. *Wegner v. Tetra Pak, Inc.*, 2022 WL 17347151, at *5 (E.D. Tex. 2022) (Jordan, D.J.) (Memo Op.); *see also Peifer v. Reliance Standard Insurance Co.*, 2018 WL 6435891, at *5 (E. D. La. 2018) (granting Rule 12(b)(6) dismissal as to employer when the insurer has the discretionary authority to interpret the policy).

Plaintiff has admitted in her pleadings that the Lincoln defendants were the plan administrators. They made the coverage decision at issue and would be the sole source of payment if the coverage decision were overturned. Plaintiff has not stated a claim on which relief can be granted as against HDOC and this suit should be dismissed as to it.

***3. This Court is not the Proper Venue for this Case.***

HDOC also moves to dismiss under Rule 12(b)(3) because this case has not been filed in a proper venue.

Plaintiff alleges that venue is proper on the Northern District of Texas because she says a substantial part of the events or omissions giving rise to her claim occurred in the Northern District of Texas.[10] But this case has been filed in a United States District Court for the Eastern District of Texas, in contradiction to Plaintiff's own venue allegations.

[10] Complaint, para. 9.

A suit under ERISA must be brought (1) where the plan is administered, (2) where the alleged breach occurred, or (3) where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Plaintiff has not alleged that the Eastern District of Texas is the correct venue for any of those reasons. Therefore, this case should be dismissed under Rule 12(b)(3).

## V.
## Conclusion

HDOC is not Plaintiff's employer and is not subject to personal jurisdiction in Texas. Even if HDOC were Plaintiff's employer, it played no role on the insurance coverage decision at issue and is not a proper party to this case under ERISA. In any event, the case has not been filed in a proper venue. This case should be dismissed as to HDOC under Rule 12(b)(2), (3), and (6).

Respectfully submitted,

By: *\/s/ Michael L. Atchley*

Robert L. Florance, IV
State Bar No. 24087520
rflorance@popehardwicke.com
Michael L. Atchley
State Bar No. 01397600
matchley@popehardwicke.com
Aimee E. Marcotte
State Bar No. 24097101
amarcotte@popehardwicke.com

POPE, HARDWICKE, CHRISTIE,
SCHELL, KELLY & TAPLETT, L.L.P.
500 W. 7th Street, Suite 600
Fort Worth, Texas 76102
Telephone No. (817) 332-3245
Facsimile No. (817) 877-4781

Attorneys for Defendant Hilton
Domestic Operating Company Inc.

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record by CM/ECF on June 29, 2023.

*/s/ Michael L. Atchley*
Michael L. Atchley