**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **RATARSHA MANIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 4:23-cv-00343-SDJ** |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, THE LINCOLN NATIONAL LIFE INSURNCE COMPANY, HILTON DOMESTICE OPERATING COMPANY, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT OF RULE 26(f) PLANNING MEETING**

Pursuant to the Court's Order of June 1, 2023, and Federal Rule of Civil Procedure 26(f), a meeting was held on July 5, 2023, and at various times thereafter, and was attended by Vincent J. Bhatti on behalf of Plaintiff Ratarsha Manier ("Plaintiff"), and Iwana Rademaekers on behalf of Defendant The Lincoln National Life Insurance Company (f/k/a Lincoln Life Assurance Company of Boston)[1] ("Defendant"), and the parties file this report and respectfully show the Court as follows:

**1. A brief factual and legal synopsis of the case.**

Plaintiff seeks recovery of life benefits from Lincoln pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiff alleges Lincoln wrongfully denied her claim for accidental death benefits. Lincoln alleges that Plaintiff cannot recover from it because the decisions made on Plaintiff's claim for benefits were not an abuse of discretion based on the administrative

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston was the issuer of the relevant life insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct name of the Defendant in this action.

record for the claim and the relevant policy. Both Plaintiff and Defendant have claimed attorneys' fees pursuant to 29 U.S.C. § 1132(e).

**2. The jurisdictional basis for this suit.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) and (f).

**3. A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

Plaintiff, Ratarsha Manier
Defendant, The Lincoln National Life Insurance Company

On July 7, 20203, the parties filed a stipulation to dismiss Hilton Domestic Operating, LLC, from this action (Document 15). At this time, the parties are unaware of any other parties who should be joined.

**4. A list of any cases related to this case pending in any state or federal court.**

None.

**5. Confirm that the initial disclosures required by Rule 26(a)(1) and this Order have been completed.**

Lincoln has already produced to Plaintiff a copy of the ERISA administrative record. The parties agree that this production will satisfy the requirement for Initial Disclosures pursuant to FRCP 26(a)(1)(B).

**6. Proposed scheduling order deadlines.**

The above-styled action is a claim by Plaintiff for recovery of life benefits. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"). As such, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in the standard schedule:

| | |
|---|---|
| August 18, 2023 | Amended Complaint to be filed by this date |
| November 6, 2023 | All discovery shall be commenced in time to be completed by this date |
| December 4, 2023 | Deadline to mediate the case |
| December 18, 2023 | Joint Stipulated Record to be filed by the parties |
| January 15, 2024 | Parties' Opening Briefs to be filed |

| | |
|---|---|
| January 29, 2024 | Parties' Response Briefs to be filed |

**7. Description, in accordance with Rule 26(f), of the following:**

**i. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The subjects on which discovery may be needed include the relevant documents governing the plan and the administrative record. Plaintiff may seek additional discovery pertaining to Defendant's conflict and fiduciary duties in administering Plaintiff's claim. Discovery is expected to be completed by November 6, 2023, and does not need to be conducted in phases.

**ii. Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced.**

Any otherwise discoverable electronically stored information generated as part of the claim process should be produced as part of the claim file, and that disclosure or discovery of any such information should be handled in accordance with the Federal Rules of Civil Procedure.

**iii. Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including ESI and any agreement reached under Federal Rule of Evidence 502.**

The parties do not anticipate any issues regarding attorney-client privilege or work product protections under Federal Rule of Evidence 502.

**iv. Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

No changes.

**v. Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

None at this time.

**8. Statement of the progress made toward settlement and the present status of settlement negotiations, including whether a demand and/or an offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator and a proposed deadline for mediation.**

The parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful. The parties believe mediation will be most effective after the completion of discovery and prior to the opening briefs deadline. The parties do not request appointment of a mediator at this time.

**9. The identity of persons expected to be deposed.**

Plaintiff states that she may seek depositions of the claim adjusters and administrators involved in the decision.

**10. Estimated trial time and whether a jury demand has been timely made.**

The parties believe that the case will be resolved through joint submission of a stipulated record with briefing to the court. However, if a trial is needed, the parties estimate that 1 day will be required. Plaintiff asserts that he is entitled to a jury trial on the claims in the Complaint. Defendant asserts that no jury trial is available for these claims, as they are raised under Section 502 of ERISA. The parties propose a court trial date in March 2024.

**11. The names of the attorneys who will appear on behalf of the parties at the management conference.**

**For the Plaintiff:**
Vincent J. Bhatti
Texas State Bar No. 24055169
Ditty S. Bhatti
Texas State Bar No. 24062803
THE BHATTI LAW FIRM, PLLC
5700 Tennyson Parkway, Ste 300
Plano, Texas 75024
PH: (214) 253-2533
FX: (214) 279-0033
Email: Vincent.bhatti@bhattilawfirm.com
Email: ditty.bhatti@bhattilawfirm.com
Attorneys for Plaintiff

**For the Defendant:**
Iwana Rademaekers
State Bar of Texas No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com
Attorneys for Defendant

**12. Whether the parties jointly consent to trial before a magistrate judge.**

The parties do not jointly consent to a trial before a magistrate judge.

**13. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve special attention of the Court at the management conference.**

Because this is an action governed by ERISA, the parties request that the Court enter a briefing schedule, and propose that the Stipulated Record be filed by December 18, 2023, the parties' Opening Briefs be filed on January 15, 2024, and the parties' Response Briefs on January 29, 2024.

DATED this 13th day of July 2023.

Respectfully submitted,

By: /s/ Vincent J. Bhatti
Vincent J. Bhatti
Texas State Bar No. 24055169
Ditty S. Bhatti
Texas State Bar No. 24062803

THE BHATTI LAW FIRM, PLLC
5700 Tennyson Parkway, Ste 300
Plano, Texas 75024
PH: (214) 253-2533
FX: (214) 279-0033
Email: vincent.bhatti@bhattilawfirm.com
Email: ditty.bhatti@bhattilawfirm.com

ATTORNEYS FOR PLAINTIFF

AND

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT