**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RATARSHA MANIER | § | Civil Action No.: 4:23-cv-343 |
| | § | |
| Plaintiff | § | |
| v. | § | JURY TRIAL DEMANDED |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, HILTON DOMESTIC OPERATING COMPANY INC. HEALTH AND WELFARE PLAN 502, HILTON EMPLOYER, INC., ALIGHT SOLUTIONS, LLC, & WIPRO LIMITED | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Ratarsha Manier ("Plaintiff" or "Manier") brings this action against Defendants Lincoln Life Assurance Company of Boston, The Lincoln National Life Insurance Company, and Hilton Domestic Operating Company, Inc. Health and Welfare Plan 502, Hilton Employer, Inc. Alight Solutions, LLC and Wipro Limited for violating the laws of the United States of America, and respectfully alleges the following:

## I. INTRODUCTION

1. Plaintiff, Ratarsha Manier, through undersigned counsel, brings this action seeking monetary relief pursuant to § 502(a)(1) of the Employee Retirement Income Security Act

(hereinafter "ERISA"), 29 U.S.C. §§ 1001 to 1461, pre-judgment and post-judgment interest, attorneys' fees, expenses and costs against Defendants.

2. Plaintiff demands a jury on all issues triable to a jury.

## II. PARTIES, JURISDICTION, AND VENUE

3. Upon information and belief, prior to her death on December 5, 2020, BRIEANNA MANIER ("Brieanna"), was a citizen and resident of Collin County, Texas and is the daughter of Plaintiff, Ratarsha Manier.

4. Ratarsha Manier ("Ratarsha") is an adult citizen of the United States, residing in the city of McKinney in the State of Texas and is the surviving mother of Brieanna Manier whose death is the subject matter to this lawsuit.

5. Defendant, Lincoln Life Assurance Company of Boston ("LAC"), is a corporation located in Dover, New Hampshire but doing business in Texas as a licensed insurer by the Texas Department of Insurance and can be served at its location at 100 Liberty Way, Suite 100, Dover, NH 03820-4695.

6. Defendant, The Lincoln National Life Insurance Company ("LIC") is an Indiana corporation but doing business in Texas as a licensed insurer by the Texas Department of Insurance and can be served at its location 1300 South Clinton Street, Fort Wayne, IN 46802.

7. Hilton Domestic Operating Company, Inc. Health and Welfare Plan 502 is an ERISA Plan for Hilton employees and offering plan benefits to the same doing business in the State of Texas and can be served by and through its registered agent, Hilton Domestic Operating Company, Inc., General Counsel, 7930 Jones Branch Drive, McLean, VA 22102 or Global Benefits Administrative Committee, 7930 Jones Branch Drive, McLean, Va 22102 or wherever it may be found.

8. Hilton Employer, Inc. is a corporation that employed Plaintiff and can be served by and through its registered agent, Hilton Domestic Operating Company, Inc., General Counsel, 7930 Jones Branch Drive, McLean, VA 22102 or Global Benefits Administrative Committee, 7930 Jones Branch Drive, McLean, Va 22102 or wherever it may be found.

9. Alight Solutions, LLC is an Illinois Corporation who provided third-party services in administering employee benefits for Hilton with respect to Plaintiff's claim. Alight can be served by and through its registered agent, Corporation Service Company d/b/a CSC-Lawyers, Incorporated, 211 E. 7th Street, Suite 620, Austin, TX 78701, or wherever it may be found.

10. Wipro Limited is a corporation formed in Indiana and provided services to Alight regarding HR and benefits functions for Alight and Hilton. Wipro can be served by and through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

11. The Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 and 29 U.S.C. §§ 1001 *et seq*. as this action being brought under § 502(a)(1), (2) and (3) of the ERISA, 29 U.S.C. §§1109, 1132, 1133, & 1140 and as further defined by I.R.C. §62(e)(18).

12. Venue is proper in the Northern District of Texas, under 29 U.S.C. 1132(e)(2) since the substantial part of the events or omissions giving rise to this cause of actions occurred in the Northern District of Texas.

## III. STANDARD OF REVIEW

13. The standard of review in this case is de novo. The Supreme Court held "[A] denial of benefits challenge under §1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Burch*, 489 U.S.

101, 115 (1989). In this case there is no evidence that the AD&D Plan claim's administrator has the power to construe uncertain plan terms or that benefit determinations be given deference.

14. Alternatively, little deference should be given to Defendants' decision because, among other things, Defendants failed to provide a full and fair review and has a financial conflict of interest.

15. Defendants fund and administer the plan with sole authority to grant or deny benefits. Defendant has an inherent conflict of interest.

16. Plaintiff contends that the Plan fails to give the Defendants said discretion or that the granting of said discretion is so vague as to be legally defective.

17. Because of the conflict of interest described above, Defendant's decision to deny accidental death benefits should be reviewed by this Court under a de novo standard of review.

18. Defendants have a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. All administrative remedies have been exhausted. On or about April 23, 2021, Defendants have formally acknowledged exhaustion of all administrative remedies and has confirmed its continued refusal to pay Plaintiff the accidental death benefits to which she is entitled.

20. Plaintiff provided Defendants with her deceased daughter's medical records and supporting documents to demonstrate she was qualified for the accidental death benefits under the AD&D Policy. Nevertheless, Defendants refused to review or consider those documents adequately. Plaintiff incorporates all documents referenced above into this complaint by reference and maintains that Defendants failed to conduct a full and fair review and abused their discretion.

21. Plaintiff has commenced this lawsuit within the four-year statute of limitations applicable to a denial of benefits claim under ERISA.

## V. FACTS

22. Plaintiff realleges and reasserts each and every allegation contained in the above paragraphs with the same force and effect as is fully set forth herein.

23. At all times relevant to this case, Plaintiff was a participant within the meaning of 29 U.S.C. § 1002(7), of the Accidental Death and Dismemberment Plan (AD&D Plan).

24. The AD&D Plan was an employee benefit plan which provided accidental death and dismemberment benefit qualified employees of Hilton along with their family members, if selected.

25. The AD&D plan is subject to ERISA.

26. AD&D benefits under the Plan are both administered and paid through a group insurance policy issued to Hilton by Lincoln Life Assurance Company of Boston ("LAC") and The Lincoln National Life Insurance Company ("LIC").

27. At all times relevant to this case, Plaintiff was an employee of Defendant, Hilton Employers, Inc. (hereinafter "Hilton") through whom the AD&D benefits were offered.

28. By all information and belief, Hilton contracted with a third-party company named Alight Solutions, LLC ("Alight") who is named as a Defendant in this lawsuit, who performed various HR functions for Hilton including fiduciary functions related to the administration of the AD&D benefits offered by Hilton to Plaintiff.

29. By all information and belief, either Alight and/or Hilton contracted with Defendant, Wipro Limited ("Wipro") who also performed fiduciary functions related to the administration of the AD&D benefits offered by Hilton to Plaintiff.

30. Defendant, Hilton Domestic Operating Company, Inc Health and Welfare Plan 502 ("Plan") is the Plan administrator.

31. Plaintiff, Ratarsha Manier (hereinafter "Ratarsha") worked at Hilton for twenty-five (25) years and opted for AD&D coverage for herself and her family including her daughter, Brieanna.

32. Through her employment with Hilton, Ratarsha opted for benefits amounting to $350,000.00 for coverage of herself and her family (including Brieanna) for accidental death and dismemberment (AD&D).

33. The AD&D benefit through Hilton is considered an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. § 1001, et. Seq. and the regulations promulgated thereunder.

34. The AD&D plan claims process is both administered and paid by and through LAC/LIC.

35. LAC/LIC is considered the plan administrator for the AD&D Plan under ERISA because it is named as the Plan Administrator in the Plan or, ERISA § 3(16), 29 U.S.C. § 1002(16), and alternatively, Hilton and Alight and Wipro are the employer sponsoring the Plan and therefore are the default plan administrator.

36. Ratarsha had the option to designate coverage up to 8 times her salary under the Plan options presented by Hilton, Alight and Wipro. She opted for the maximum which made benefits approximately $350,000.00 for her own disability and dismemberment as well as anyone in her family.

37. In fact, all of the representations from Hilton, Alight and Wipro to Ratarsha shows that she is entitled to $350,000.00 for the accidental death/disability of herself and/or her family.

38. Ratarsha is the designated beneficiary of the AD&D coverage which covered her daughter Brieanna.

39. During her lifetime, Ratarsha complied with all conditions precedent to coverage under said Plan/Policy.

40. Thereafter, on or about October 28, 2020, Brieanna was involved in a car accident which resulted in an injury to her knee and shoulder.

41. Unknown to Brieanna or anyone else, the accident in October 2020 as described above produced a blood clot/thrombosis which eventually traveled to Brieanna' s heart.

42. Brieanna died on December 5, 2020, after she passed out while walking into a building. She was declared dead a few hours later at the hospital. She was only 25 years old at the time of her death.

43. The Medical Examiner for Collin County Texas, Dr. William B. Rohr, M.D. ruled that the death was an accident and caused by a heart attack caused by the Thrombosis suffered as a result of the accident in October 2020 and specifically stated that death was caused by "Blunt Force Knee Injury Resulting in Pulmonary Embolism and Infarction."

44. More specifically, the Medical Examiner states that the pulmonary embolism (blood clot) added strain on the heart which contributed to pulmonary infarction.

45. The Medical Examiner clearly told Defendants that Brienna's death was caused by the thrombosis and not any natural cause.

46. In fact, when LAC/LIC representatives contacted the employer to determine the amount of money to which Ratarsha was entitled due to Brienna's death, they were told $350,000.00.

47. Defendants Hilton, Alight and Wipro all indicated that they determined Brieanna's death was an accident.

48. The medical examiner further stated that he did not believe any natural disease process contributed to the blood clot caused by the car accident on or about October 28, 2020.

49. Ratarsha made a claim on the AD&D Plan/Policy for her daughter's death on or about December 5, 2020.

50. Despite these conclusions by an expert who directly examined Brieanna's body, Defendants denied benefits and cited every type of condition chronic or acute that might remotely be speculated to contribute to Brienna's death in an effort to avoid liability under the Plan.

51. It should be noted that Ratarsha made a claim under another AD&D plan under the same facts with another insurance company and that claim was paid without issue.

52. LIC/LAC ruled that Ratarsha was not entitled to any benefits under the AD&D policy/plan because her daughter, Brieanna, citing an exclusion which states: "No benefits are payable for any loss that is contributed to or caused by:…6. Disease, bodily or mental illness (or medical or surgical treatment thereof)."

53. On or about February 24, 2021, Defendants denied Ratarsha's claim for AD&D benefits due to Brieanna's death.

54. Defendants' denial was based on any type of condition they could muster to be the cause except for the "accident" that the Medical Examiner had already determined including, obesity, diabetes, birth control pills, blood pressure, and heart disease in a 25 year-old female.

55. On or about March 3, 2021, Ratarsha made an appeal to defendants under ERISA.

56. On or about April 26, 2021, Defendants denied Ratarsha's appeal.

57. Defendant LIC/LAC has a conflict of interest in that they serve both as the administrator/claims determiner as well as the payor of any claim under the Plan.

58. Since that time, Ratarsha has submitted additional proof and information as well as an amended death certificate from the medical examiner more clearly showing Brieanna's death was ruled an accident, but to no avail.

59. Therefore, Ratarsha files this lawsuit in an attempt to pursue the AD&D policy benefits to which she is legally entitled.

## V. CAUSES OF ACTION

### COUNT 1: CLAIM FOR DENIED BENEFITS PURSUANT TO ERISA

60. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if full stated herein.

61. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

62. At all times relevant to this claim, Plaintiff was entitled to AD&D benefits under the Plan given that her daughter Brieanna died due to accident as required to trigger coverage under the Plan and determined by the Medical Examiner who conducted the autopsy.

63. Defendant's denial of AD&D benefits to Plaintiff constitutes a violation of the terms of the AD&D Plan and Plaintiff's rights under the same.

64. Further, LIC/LAC violated a Duty of Prudence under §404(a)(1)(B) as they have the determination of the Medical Examiner who physically conducted the examination of the Brienna's body and determined it was an accident and related to car accident which occurred two weeks prior.

65. Plaintiff is entitled to have the Court conduct a de novo review of the issues stated herein.

66. In the alternative, Defendants' decision to deny Plaintiff's benefits is arbitrary and capricious. Defendants operate with a conflict of interest because it operates the AD&D Plan in its own interest and the AD&D Plan, in turn, relies on LIC/LAC's evaluation.

67. Plaintiff seeks to recover benefits denied under the AD&D Plan in addition to attorney's fees and costs, pre-judgment and post-judgment interest and all such other relief to which she may be entitled.

**COUNT 2: BREACH OF FIDUCIARY DUTY 502(a)(2) and (3)**

68. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if full stated herein.

69. Under ERISA, a plan fiduciary has a duty to communicate truthfully and accurately and if a fiduciary breaches its duty then participants may bring claims for individual relief under ERISA 502(a)(3).

70. Hilton had a fiduciary duty to select services providers that exercise due care and operate with prudence when selecting Alight and Wipro to administer the program on its behalf.

71. Alight and Wipro (along with Hilton and operating as the HR arm of Hilton) both represented to Ratarsha that the benefit that she opted for was $350,000.00 for family members.

72. Here, Hilton/Wipro/Alight, acting as fiduciaries, misled Ratarsha into believing that she was eligible for a payment of $350,000.00 for the accidental death and/or dismemberment of her and/or her family member.

73. Now, LAC/LIC are attempting to claim that the policy only covers 10% of the $350,000.00 amount for family members.

74. Nevertheless, all information presented to Ratarsha by Hilton/Alight/Wipro in making her decision to opt for a $350,000.00 benefit for herself and her family.

75. The representation that the benefit was $350,000.00 is material.

76. In fact, at the time of Ratarsha's claim on Brienna, Hilton/Alight/Wipro represented to LIC/LAC that its own representations to Ratarsha was that she was eligible for $350,000.00 in benefits.

77. Finally, under 404(a)(1)(d), LIC/LAC had a fiduciary duty to comply with the terms of the plan. The plan specifically states a benefit will be paid for a death that is classified as accidental. Here, the Medical Examiner has done everything he can to inform LIC/LAC that the death was due to a heart attack caused by Thrombosis caused by the car accident two weeks prior to Brienna's death.

78. Nevertheless, LIC/LAC insist on failing to comply with the terms of the plan which has damaged Ratarsha in addition to suffering the loss of her young daughter.

## VIII.

## PRAYER FOR RELIEF

79. WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding her:

a. Declaration that AD&D Plan and Defendants violated the terms of the AD&D Plan by denying Plaintiff AD&D benefits;

b. Reformation of the Policy language to execute the purpose of the policy and in the amount represented by fiduciaries as outlined above;

c. Restitution damages;

d. Surcharge;

e. Imposition of Constructive Trust;

f. An order AD&D Plan and Defendants to pay death benefits to Plaintiff pursuant to the terms of the AD&D Plan as presented to Plaintiff at the time of enrollment to which Plaintiff is entitled under ERISA together with pre-judgment and post-judgment interest through the date judgment is entered herein;

g. And award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA §502(g), 29 U.S.C. §1132(g); and

h. Such other and further relief as the Court deems equitable and just.

DATED: August 18, 2023

RESPECTFULLY SUBMITTED,

**THE BHATTI LAW FIRM, PLLC**

/s/Vincent Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
5700 Tennyson Parkway
Suite 300
Plano, Texas 75024
(214) 253-2533 (Telephone)
(214) 279-0033 (Facsimile)
vincent.bhatti@bhattilawfirm.com
Ditty.bhatti@bhattilawfirm.com
*Attorneys for Plaintiff s*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

DATED: August 18, 2023

/s/ Vincent J. Bhatti
Vincent J. Bhatti