**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **RATARSHA MANIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 4:23-cv-00343-SDJ** |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, THE LINCOLN NATIONAL LIFE INSURNCE COMPANY, HILTON DOMESTICE OPERATING COMPANY, INC. HEALTH AND WELFARE PLAN 502, HILTON EMPLOYER, INC., ALRIGHT SOLUTIONS, LLC, & WIPRO LIMITED.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF'S**
**AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Defendant The Lincoln National Life Insurance Company (f/k/a Lincoln Life Assurance Company of Boston)[1] files this Motion to Partially Dismiss Plaintiff's Amended Complaint and Brief in Support.

## I.
## GROUNDS FOR THE MOTION

In Plaintiff's Amended Complaint (the "Complaint"), Plaintiff brings a claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for recovery of disability benefits under 29 U.S.C. § 1132(a)(1). Plaintiff also brings a claim for breach of fiduciary duty,

[1] The correct name of the Lincoln Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston was the issuer of the relevant life insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct name of the Defendant in this action.

under 29 U.S.C. § 1132(a)(3).[2] However, the allegations pled in the Complaint in support of Plaintiff's claim for breach of fiduciary duty, even if taken as true,[3] are insufficient to support the relief requested by Plaintiff. Specifically, in the Complaint, Plaintiff seeks recovery of disability benefits from Defendants under ERISA. Plaintiff also brings a claim for breach of fiduciary duty and seeks equitable relief in the Complaint under 29 U.S.C. § 1132(a)(3). However, Plaintiff's § 1132(a)(3) claim for equitable relief against Defendants fails because, based on the face of the Complaint, Plaintiff has adequate redress under her claim for recovery of benefits pursuant to § 1132(a)(1)(B).

## II.
## ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a Complaint for failure to state a claim upon which relief can be granted.[4] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[5] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[6] Plaintiff has failed to meet this burden with regard to the ERISA claim for breach of fiduciary duty and equitable relief under 29 U.S.C. § 1132(a)(3), and this claim must be dismissed from this action.

---

[2] Complaint at ¶¶ 68-78.

[3] For the purposes of the Motion to Partially Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true. However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this Motion and Brief or by any statement contained therein.

[4] Fed. R. Civ. P. 12(b)(6).

[5] E.g., Ledesma v. Dillard Dep't Stores, Inc., 818 F. Supp. 983, 984 (N.D. Tex. 1993).

[6] Fernandez-Montez v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)(requiring a court to take factual allegations of the Petiton as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994) (holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations)(citation omitted).

### B. Section 1132(a)(3) Claim for Equitable Relief

In her Complaint, Plaintiff seeks recovery of life insurance benefits from Defendants in this action.[7] However, the Complaint also contains Plaintiff's claim against Defendants for breach of fiduciary duty and equitable relief[8] under 29 U.S.C. § 1132(a)(3).[9] This claim for breach of fiduciary duty is precluded by virtue of the availability to Plaintiff of her claim for recovery of benefits pursuant to § 1132(a)(1)(B), for which Plaintiff has pled in the Complaint.[10]

The United States Supreme Court has recognized that claims for fiduciary duty and equitable relief may be brought under § 1132(a)(3). Varity Corp. v. Howe, 516 U.S. 489 (1996). However, the Supreme Court has specifically held that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief . . ." Varity, 516 U.S. at 515. As amplified by the Fifth Circuit in Tolson v. Avondale Indus. Inc., 141 F.3d 604, 610 (5th Cir. 1998), a participant cannot dress up an ERISA denial of benefits action under 29 U.S.C. § 1132(a)(1)(B) as an § 1132(a)(3) breach of fiduciary duty claim. Even if the participant will not prevail on a § 1132(a)(1)(B) denial of benefits claim, this does not make a § 1132(a)(3) breach of fiduciary duty claim for equitable relief viable. Tolson, 141 F.3d at 610. "Accordingly, because § 1132(a)(1)(B) affords [Plaintiff] an avenue for legal redress, she may not simultaneously maintain her claim for breach of fiduciary duty." Rhorer v. Raytheon Engineers and Constructors, Inc., 181 F.3d 634, 639 (5th Cir. 1999). See also Bratton v. National Union Fire Ins. Co. of Pittsburgh, PA, 215 F.3d 516, 527 (5th Cir. 2000). Metropolitan Life Ins. Co. v. Palmer, 238 F.Supp.2d 826, 830 (E.D. Tex. 2002); Constantine v.

---

7 Complaint at ¶ 13 and 60-67.

8 Complaint at ¶ 68-78.

9 A claim for breach of fiduciary duty and equitable relief under ERISA are only available pursuant to 29 U.S.C. § 1132(a)(3). Varity Corp. v. Howe, 516 U.S. 489 (1996).

10 Plaintiff specifically references 29 U.S.C. § 1132(a)(1)(B) in the Complaint at ¶¶ 13 and 61.

American Airlines Pension Benefit Plan, 162 F.Supp.2d 522, 557-558 (N.D. Tex. 2001). "It is settled law in this circuit that a potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under section 1132(a)(1)(B) for benefits allegedly owed." Metropolitan Life Ins. Co v. Palmer, 238 F.Supp.2d 826, 830 (E.D.Tex.2002) (citing Tolson v. Avondale Indus., Inc., 141 F.3d 604, 610 (5th Cir.1998)). Hence, this Court should dismiss Plaintiff's claim for breach of fiduciary duty and equitable relief and Paragraph 11 of the Complaint.

## III.
## REQUEST FOR RELIEF

Lincoln requests the Court enter an Order that Plaintiff's claim shall proceed as claims under 29 U.S.C. § 1132(a)(1)(B) and that Plaintiff's claim for breach of fiduciary duty, equitable relief, and all other claims under 29 U.S.C. § 1132(a)(3) be dismissed with prejudice; award Lincoln's attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and grant it any other relief to which it shows itself justly entitled.

Dated this 1st day of September 2023.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANTS LINCOLN LIFE ASSURANCE COMPANY OF BOSTON AND THE LINCOLN NATIONAL LIFE INSURANE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Vincent J. Bhatti
Email: Vincent.bhatti@bhattilawfirm.com

Ditty S. Bhatti
Email: Ditty.bhatti@bhattilawfirm.com

| | |
|---|---|
| September 1, 2023 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |