UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RATARSHA MANIER | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-343-SDJ |
| | § | |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, ET AL. | § | |

**ORDER**

Before the Court is Plaintiff Ratarsha Manier's ("Manier") and Defendants Lincoln Life Assurance Company of Boston's and The Lincoln National Life Insurance Company's (collectively, "Lincoln") Stipulation and Motion to Dismiss Without Prejudice. (Dkt. #29). This filing is an improper attempt to stipulate to the dismissal of certain of Manier's claims against Lincoln under Federal Rule of Civil Procedure 41(a). As such, the stipulation must be stricken.

Federal Rule of Civil Procedure 41(a) allows a plaintiff to "dismiss an action without a court order" either by filing (i) a notice of dismissal prior to the defendant serving an answer or a motion for summary judgment or (ii) a stipulation of dismissal signed by all parties who have appeared in the case. FED. R. CIV. P. 41(a)(1)(A). Manier and Lincoln's filing invokes both Rule 41(a)(1)(A)(i) and (ii). However, because it is signed by both Manier and Lincoln, the Court treats it as an attempted stipulation of dismissal under Rule 41(a)(1)(A)(ii). In any event, Rule 41(a)(1)(A)(i) is inapplicable because Lincoln has filed an answer in this case.

The parties' filing is barred by controlling Fifth Circuit precedent, which provides that Rule 41(a) may not be used to dismiss *some* claims against a

defendant—the rule allows only for dismissal of *all* claims against a defendant. *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979) (distinguishing between allowable dismissals of individual defendants and improper dismissals of individual claims under Rule 41(a) and stating that "'when Rule 41(a) refers to [d]ismissal of an "action", there is no reason to suppose that the term is intended to [i]nclude the separate claims which make up an action'" (quoting *Smith, Kline & French Lab'ys v. A. H. Robins Co.*, 61 F.R.D. 24, 29 (E.D. Pa. 1973))); *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims." (citation omitted)); *see also Swope v. Columbian Chemicals Co.*, 281 F.3d 185, 192 n.15 (5th Cir. 2002) ("Rule 41(a) contemplates dismissal of an 'action' rather than a 'claim' or 'claims.'"); *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) ("[The Rule 41(a)(1)(A)] Stipulation, which purported to dismiss 'Count III of the Fourth Amended Complaint . . . without prejudice,' was invalid."). The parties' stipulation of dismissal of certain—but not all—claims against Lincoln is thus invalid, and "an invalid Rule 41(a) dismissal is a nullity." *Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020).

To effectuate her desire to no longer assert certain claims against Lincoln, Manier must move to amend her complaint. *See Williams*, 958 F.3d at 347 ("A dismissed claim remains a part of the case, absent amendment of the complaint under Rule 15."); *see also Perry*, 891 F.3d at 958 (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (3d ed. 2008) for the proposition that

"Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action . . . A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15"). And "[w]here, as here, the movant seeks leave to amend after the pleadings deadline in the district court's scheduling order, the movant must demonstrate good cause." *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010) (citing *S & W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)); *see also* FED. R. CIV. P. 16(b)(4).

It is therefore **ORDERED** that the parties' Stipulation and Motion to Dismiss Without Prejudice, (Dkt. #29), is **STRICKEN**.

**So ORDERED and SIGNED this 21st day of September, 2023.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE