UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RATARSHA MANIER | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-343-SDJ |
| | § | |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, ET AL. | § | |

**ORDER**

Before the Court is Plaintiff Ratarsha Manier's ("Manier") Motion for Leave to File Plaintiff's Second Amended Complaint. (Dkt. #22). When a plaintiff seeks to amend a complaint after the deadline in the scheduling order, he or she must meet Federal Rule of Civil Procedure 16(b)(4) and show good cause. In this case, the Court previously entered a scheduling order, (Dkt. #21), which provided for an amended pleading deadline on August 18, 2023. Manier's recently filed motion comes after this deadline, but Manier does not attempt to meet this standard or even cite the appropriate rule. Thus, her motion must be denied.

When entering a scheduling order, courts "must limit the time to . . . amend the pleadings." FED. R. CIV. P. 16(b)(3)(A). Rule 16(b)(4) "provides that a scheduling order 'may be modified only for good cause and with the judge's consent.'" *Lampkin v. UBS Fin. Services, Inc.*, 925 F.3d 727, 733 (5th Cir. 2019) (quoting FED. R. CIV. P. 16(b)(4)). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., *Federal Practice and*

*Procedure* § 1522.1 (2d ed. 1990)). Once "a party shows good cause . . ., then the 'more liberal standard of Rule 15(a)'" applies to the request for leave to amend. *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quoting *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)). To determine good cause, courts "consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 735 (5th Cir. 2018) (brackets omitted) (quoting *S&W Enters., L.L.C.*, 315 F.3d at 536).

It is therefore **ORDERED** that the Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint, (Dkt. #32), is **DENIED without prejudice**, and Plaintiff's Second Amended Complaint, (Dkt. #33), is **STRICKEN**.

**So ORDERED and SIGNED this 27th day of September, 2023.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE