**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RATARSHA MANIER | § | Civil Action No.: 4:23-cv-343 |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| LINCOLN LIFE ASSURANCE | § | |
| COMPANY OF BOSTON, THE | § | |
| LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| ALIGHT SOLUTIONS, LLC, & | § | |
| WIPRO LIMITED | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff files this Motion for Leave to file Plaintiff's Second Amended Complaint, and respectfully would show as follows:

1. Federal Rule of Civil Procedure 15(a) requires a court to grant leave to file an amended pleading "freely," and the language of the rule "evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. American Airlines, Inc*., 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc*., 690 F.2d 1157, 1162 (5th Cir. 1982)); see also *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1464 (5th Cir. 1995) ("In the absence of … undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff demands a jury on all issues triable to a jury.

2. Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b)(4) limits modifications to a scheduling order unless good cause is shown. Here, Plaintiff can establish good cause for the leave to amend to file her Second Amended Complaint.

3. Four factors are considered in determining whether a motion under Rule 16(b)(4) should be granted: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003).

4. First, Plaintiff's failure to timely amend is solely due to her attempt to address the issues raised in Defendant's Partial Motion to Dismiss. Plaintiff filed her First Amended Complaint on August 18, 2023 [Dkt. No. 22], within the time provided by the Scheduling Order [Dkt. No. 21]. Thereafter, Defendants The Lincoln National Life Insurance Company and Lincoln Life Assurance Company of Boston filed its partial Motion to Dismiss. Dkt. No. 24. In an attempt to address the matters raised in their Motion to Dismiss, Plaintiff has worked and conferred with Defendant's counsel to streamline the issues raised and to avoid wasting the time of the Court. Plaintiffs seek leave to amend after the deadline provided by this Court's Scheduling Order to address the Partial Motion to Dismiss raised after the deadline.

5. Second, the importance of the amendment is that the parties have conferred on the changes to the Second Amended Complaint to address issues in Defendant's Partial Motion to Dismiss and makes Plaintiff's active pleading an effective recitation of claims against the proper parties to this case.

6. Third Plaintiff cannot surmise any unfair prejudice, surprise, or undue burden the Motion for Leave or the Second Amended Complaint would cause Defendants or this Court. In fact, after conferring regarding the same, Defendants do not oppose the leave sought and has represented that the Second Amended Complaint fully addresses the issues raised in Defendant's Partial Motion to Dismiss.

7. Fourth and finally, the availability of continuance to cure any prejudice would not have a significant impact in this case as the parties have not caused any issues with any upcoming deadlines in this case and would not cause unnecessary delay on any deadlines or trial. Further, the amendment reduces the amount of discovery Defendants The Lincoln National Life Insurance Company's (f/k/a Lincoln Life Assurance Company of Boston) would have to conduct because it removes causes of actions asserted against them.

8. Plaintiff seeks to amend her Complaint because Plaintiff seeks to address issues raised in Defendants The Lincoln National Life Insurance Company's (f/k/a Lincoln Life Assurance Company of Boston) Motion to Dismiss [Dkt. No. 24].

9. Specifically, Plaintiff seeks to eliminate Plaintiff's breach of fiduciary duty and equitable relief, and claims under 29 U.S.C. § 1132(a)(3) against Defendants Lincoln Life Assurance Company of Boston and The Lincoln National Life Insurance Company. These causes of action are to only continue against Alight Solutions, LLC and Wipro Limited.

10. This would also render the Motion to Dismiss [Dkt. No. 24] moot.

11. Plaintiff has attached hereto as Exhibit "A" a true and correct copy of the proposed Plaintiff's Second Amended Complaint.

12. Plaintiff recognizes that this Motion for Leave is made outside the time granted by this Court pursuant to the Scheduling Order. However, Plaintiff now seeks leave to amend as good cause exists to amend.

WHEREFORE, Plaintiff respectfully requests that the Court grant his Motion for Leave to Amend and such additional or further relief to which she may be entitled.

DATED: September 27, 2023

Respectfully submitted,

**The Bhatti Law Firm, PLLC**

s/Ditty S. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
5700 Tennyson Parkway, Suite 300
Plano, TX 75024
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
Vincent.bhatti@bhattilawfirm.com
Ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

On September 26, 2023, counsel for Plaintiff and Counsel for Defendants conducted conferences on the matters presented in this motion and counsel is **not opposed** to the relief sought by Plaintiff in this Motion.

/s/ Ditty S. Bhatti

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

| | |
|---|---|
| September 27, 2023 | /s/ Ditty S. Bhatti |
| Date | Ditty S. Bhatti |