In the United States District Court
for the Eastern District of Texas
Sherman Division

| | | |
|---|---|---|
| Ratarsha Manier, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| Lincoln Life Assurance Company of Boston; The Lincoln National Life Insurance Company; Alight Solutions, LLC; and Wipro Limited, | § | Civil Action No. 4:23-cv-343-SDJ |
| | § | |
| *Defendants*. | § | |

**Alight Solutions LLC**
**and Wipro Limited's**
**<u>Motion to Dismiss and Brief in Support</u>**

Defendants Alight Solutions LLC ("Alight"), formerly Hewitt Associates LLC, and Wipro Limited ("Wipro") move to dismiss Plaintiff's Complaint as to them. Plaintiff's claim is for a denial of benefits under an ERISA plan. In essence, her claim presents an insurance coverage dispute between Plaintiff and the Lincoln Defendants who administer the plan. Alight and Wipro only provided clerical and administrative support for Plaintiff's employer and played no role in the alleged denial of benefits. Plaintiff also appears to claim that she misunderstood the amount of coverage she purchased, but neither Alight nor Wipro made

representations about that, and the fact that benefits were denied in their entirety renders this issue moot. There are also no specific allegations of any alleged misrepresentations by Alight or Wipro, as is required by Fed. R. Civ. P. 9(b). This case should be dismissed as to Alight and Wipro under Fed. R. Civ. P. 12(b)(6).

## I.
## Summary

- Through her employment with a Hilton-related entity, Plaintiff purchased accidental death and dismemberment (AD&D) insurance for herself and her family from Lincoln Life Assurance Company of Boston and/or the Lincoln National Life Insurance Company (the "Lincoln Defendants").

- Alight has a contract with Hilton and related entities under which it provides non-fiduciary clerical and administrative services such as monitoring plan eligibility and processing payments.

- Wipro provides IT services as a subcontractor of Alight.

- When Plaintiff's daughter passed away, she made a claim under the AD&D policy. Plaintiff alleges that the Lincoln Defendants denied benefits under a policy exclusion regarding losses that were not caused by an accident.

- The issue in this case is whether the Lincoln Defendants were correct in relying on the exclusion to deny benefits.

- Neither Alight nor Wipro made the benefits determination at issue and are not proper parties.

## II.
## Issues to be Decided by the Court

1. Whether Alight and Wipro are proper parties to this ERISA claim for a denial of benefits when neither of them are fiduciaries and neither of them made or influenced the benefits determination.

2. Whether Alight and Wipro, which were neither Plaintiff's employer nor fiduciaries under the plan, and which did not have an obligation to provide a summary plan description, are responsible for Plaintiff's alleged misunderstanding of the amount of benefits available.

## III.
## Facts

1. Plaintiff alleges that she is a participant in an Accidental Death and Dismemberment Plan ("AD&D Plan") under an insurance policy issued by the Lincoln Defendants.[1]

2. Plaintiff alleges that she was an employee of Hilton Employers, Inc. and participated in the AD&D Plan through that employment.[2]

3. Plaintiff admits that the AD&D policy is administered through Defendant Lincoln National Life Insurance Company ("LIC") and is covered by Lincoln Life Assurance Company of Boston ("LAC").[3]

---

[1] Second Amended Complaint [ECF 36] (hereafter the "Complaint"), paras. 23-26.
[2] Complaint, para. 24, 26-27.
[3] Complaint, para. 26.

4. Plaintiff also admits that Defendant LIC is the plan administrator for purposes of the Employee Retirement Income Security Act of 1974 (“ERISA”).[4]

5. Plaintiff alleges that in October 2020 her daughter was involved in an auto accident that resulted in her death a few weeks later.[5]

6. Plaintiff made a claim under the AD&D insurance policy and alleges that benefits were denied by the Lincoln Defendants under a policy exception for a loss caused by “disease, bodily or mental illness (or medical or surgical treatment thereof).”[6]

7. Other than general allegations against all of the named Defendants, Plaintiff’s Complaint is devoid of any specific allegations that Alight or Wipro made the decision to deny the benefits at issue.

8. In fact, Plaintiff alleges that the Lincoln Defendants are the administrators of the plan,[7] alleges that some other entity was her employer and is therefore the plan administrator,[8] and admits that the Lincoln Defendants made the decision to deny benefits.[9]

---

[4] Complaint, para. 29.
[5] Complaint, paras. 42-48.
[6] Complaint, paras. 53-54.
[7] Complaint, para. 37.
[8] Complaint, para. 30.
[9] Complaint, para. 56.

9. Plaintiff vaguely alleges that Alight and Wipro represented that coverage under the plan would be $350,000 when the plan states that coverage is 10% of that amount for family members. But she does not provide any specifics of where, when, in what form, or by whom any such representations were made, and she does not explain how her misunderstanding is the cause of the coverage denial at issue.

10. Alight has an Administrative Services Agreement ("ASA") with certain Hilton entities under which it provides non-fiduciary clerical and record-keeping services.[10] These services include monitoring plan eligibility, processing enrollment events, communicating plan eligibility, and processing premium payments.[11] The ASA specifies that Alight is not permitted to act as a fiduciary:

> Hilton and [Alight] understand and intend that [Alight] shall not be a fiduciary within the meaning of ERISA or any other federal, state or local law, statute, ordinance or regulation with respect to any Plan. [Alight] shall not have any discretion with respect to the management or administration of any Plan or with respect to determining or changing the rules or policies pertaining to eligibility or entitlement of any Participant in any Plan to benefits under such Plan. [Alight] also shall not have any control or

[10] Declaration of Carol Fleter, para. 2. A copy of the Fleter Declaration is being filed with this Motion and is incorporated herein.
[11] *Id.*

> authority with respect to any assets of any Plan, including the investment or disposition thereof.[12]

11. Wipro is a subcontractor of Alight, and it also has no authority to engage in fiduciary functions under the plan.[13] The scope of Wipro's services is limited to operations services, systems management, and technology work, such as IT application development and the maintenance and enhancement of infrastructure services.[14]

12. Neither Alight nor Wipro are fiduciaries under the plan or have any authority to act as fiduciaries.[15] Neither of them played any role in the denial of benefits at issue in this case.[16]

13. Neither Alight nor Wipro were Plaintiff's employer, and neither of them had authority to determine the amount of benefits provided under the plan at issue or any obligation to prepare a summary plan description relating to the plan.[17]

---

[12] *Id.*
[13] *Id.* at para. 3.
[14] *Id.*
[15] *Id.* at paras. 2, 3, 4.
[16] *Id.* at para. 4.
[17] *Id.*

## IV.
## Arguments and Authorities

### *1. Neither Alight nor Wipro made the benefits determination*.

As Alight and Wipro have no fiduciary responsibilities under the plan and played no role in the benefits determination at issue, they are not proper parties under ERISA and the Complaint should be dismissed as to them.

Plaintiff's claim is for alleged unpaid benefits under ERISA § 502(a)(1)(B).[18] Section 502(a)(1)(B) permits a plan participant to sue to recover benefits alleged to be due to her under the terms of a benefits plan. 29 U.S.C. § 1132(a)(1)(B). Any money judgment in such a case is enforceable only against the plan as an entity and is not enforceable against any other person. 29 U.S.C. § 1132(d)(2).

A claim under Section 502(a)(1)(B) focuses on an interpretation of the plan itself and properly lies against the plan administrator. *Manuel v. Turner Industries Group, L.L.C.*, 905 F.3d 859, 864 (5th Cir. 2018). Where, as here, the claim is for a denial of benefits, it properly lies against the plan administrator and perhaps another appropriate party who has the power to make benefits decisions and who "indisputably made the

[18] Complaint, paras. 1 and 65.

benefits decision [the plaintiff] wishe[s] to contest." *Armando v. AT&T Mobility*, 487 Fed. Appx. 877, 879 (5th Cir. 2012). It is not enough for a potential defendant to have had some informal influence over the decision; the only proper defendant is the party with the final authority to make the benefits determination. *Id*.

As this court has held, a party who had no obligation to pay or authority to determine benefits under a benefits plan is not a proper party to a Section 502(a)(1)(B) claim. *Wegner v. Tetra Pak, Inc.*, 2022 WL 17347151, at *4 (E.D. Tex. 2022) (a claim under Section 502(a)(1)(B) may not be maintained against a party that has no authority to determine benefits). It is undisputed that the Lincoln defendants would be the ones to pay the claim and that they made the benefits decision at issue.[19]

As Alight and Wipro would not have been responsible to pay the claim and had no role in the denial of benefits, they are not proper parties to this case. Plaintiff has failed to state a claim against them on which relief may be granted under Section 502(a)(1)(B). This claim must

[19] In fact, Plaintiff alleges that Alight and Wipro would have decided that the death was caused by an accident and presumably that they would have granted benefits. *See* Complaint, para. 51. Neither Alight nor Wipro admit that allegation, but it is an admission by Plaintiff that neither Alight nor Wipro made or influenced the decision to deny benefits.

therefore be dismissed as to Alight and Wipro under Fed. R. Civ. P. 12(b)(6).

### *2. Neither Alight nor Wipro are liable under § 502(a)(2) or (3).*

The Complaint includes a purported claim under ERISA § 502(a)(2) and (3), stating that Alight and/or Wipro breached a fiduciary duty by representing that Plaintiff would be entitled to $350,000 under the plan for the accidental death and dismemberment of herself or her family member and that the Lincoln Defendants have now told her that the plan calls for 10 percent of that amount if the injury is to a family member.[20]

Neither Alight nor Wipro were Plaintiff's employer and neither of them are fiduciaries under the plan or have an obligation to provide a summary plan description of benefits available. Under ERISA, a fiduciary is someone formally designated as such in the plan documents, someone who exercises discretion with respect to management or administration of the plan, someone who exercises discretion with respect to the management or disposition of plan assets, or someone who provides investment advice for a fee. 26 U.S.C. § 4975(e)(3). As is shown above, the Administrative Services Agreement that Alight operated under specifically states that it is not a fiduciary and is not permitted to

[20] Complaint paras. 73, 76.

undertake any fiduciary responsibilities. Wipro, as a subcontractor focusing on technical issues, certainly did not undertake any fiduciary obligations. As Alight and Wipro are not fiduciaries, Plaintiff's claim under § 502(a)(2) and (3) fails.

Also, Plaintiff does not provide any specificity regarding any alleged misrepresentation about the amount of benefits available. She does not state what form the communication took, who made it, or when it was made. The Complaint generally lumps the defendants together and alleges that misrepresentations mere made. This gives neither Alight nor Wipro sufficient notice of what role each of them are supposed to have played in any alleged misrepresentations. The allegation is therefore insufficient under Fed. R. Civ. P. 9(b). See *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206-07 (5th Cir. 2009); *Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 778 (7th Cir. 1994); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).

More importantly, Plaintiff's claim was denied in its entirety for lack of coverage. Even if there was a misrepresentation as to the amount of coverage for family members (which Alight and Wipro deny), that does not change the substance of Plaintiff's claim that benefits were wholly

denied. As she has a claim under ERISA § 502(a)(1)(B) to redress that grievance, she may not maintain a claim on the same grievance under § 502(a)(3). *Wegner v. Tetra-Pak, Inc.*, at *9-10. Her claim under § 502(a)(2) and (3) must be dismissed.

## V.
## Conclusion

Neither Alight nor Wipro made or influenced the benefits decision at issue in this case. They are not liable to Plaintiff under ERISA § 502(a)(1)(B). They also are not fiduciaries under the plan, had no obligation to provide a summary plan description, and are not alleged to have made a specific misrepresentation about the benefits available. Even if there was a misrepresentation as to the amount of coverage (and there wasn't), it would have no impact on this case where there was a complete denial of coverage. This case should be dismissed as to Alight and Wipro under Rule 12(b)(6).

Respectfully submitted,

By: */s/ Michael L. Atchley*
Michael L. Atchley
State Bar No. 01397600
matchley@popehardwicke.com

POPE, HARDWICKE, CHRISTIE,
SCHELL, KELLY & TAPLETT, L.L.P.
500 W. 7th Street, Suite 600
Fort Worth, Texas 76102

Telephone No. (817) 332-3245
Facsimile No. (817) 877-4781

Attorneys for Defendants Alight
Solutions LLC and Wipro Limited

## CERTIFICATE OF SERVICE

This is to certify that a copy of this document is being served on the date of filing by CM/ECF.

*/s/ Michael L. Atchley*
Michael L. Atchley