**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **RATARSHA MANIER,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, ALIGHT SOLUTIONS, LLC; and WIPRO LIMITED,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 4:23-cv-00343-SDJ** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS ALIGHT SOLUTIONS LLC and WIPRO LIMITED'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Ratarsha Manier and responds to Defendants Alight Solutions LLC ("Alight") and Wipro Limited ("Wipro") (collectively "Defendants") Motion to Dismiss [Dkt. No. 44], and would show the Court as follows:

## I. SUMMARY

Plaintiff's Second Amended Complaint is sufficiently plead against all Defendants in this case. As related to the Motion to Dismiss, Plaintiffs have valid claims against Defendants as they (1) functioned as fiduciaries in matters related to Plaintiff's AD&D claim, and/or (2) are parties of interest subject to liability pursuant to the ERISA.

Based on the interactions with Defendants, Plaintiff, especially at this pleading stage, have plead sufficient information to show that Alight and Wipro have exercised authority over Plaintiff's claim and had direct communication regarding the claim, as well. Defendants, in addition to other acts/omissions, have failed to act prudently in matters relating to Plaintiff's case.

## II. ARGUMENT AND AUTHORITIES

A. Standard of Review

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc*., 565 F.3d 228, 232 (5th Cir. 2009). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc*., 699 F.3d 812, 816 (5th Cir. 2012).

The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp*., 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co*., 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), rev'd on other grounds, 113 F.3d 1412 (5th Cir. 1997) (en banc).

B. Defendants performed duties and functioned as a fiduciary under the Plan.

Claims for breach of fiduciary duty may be brought against those who functioned as fiduciaries because they exercised discretionary control over the operation or administration of an

ERISA plan. In addition to a plan's named fiduciary, ERISA defines a person as a plan fiduciary if:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

Here, Defendants acted more than just in a general capacity; rather, Defendant acted as a fiduciary specifically with respect to Plaintiff's claims. Moreover, Defendants exercised its discretionary authority over Plaintiff when it took claim action with respect to her AD&D claim by representing the terms of the policy to Plaintiff directly as well as being the administrator of her claim.

In fact, the actual terms of the Policy were not presented by LIC/LAC but Alight/Wipro only on the employee website that they administered. Second Amended Complaint, Dkt. No. 36, ¶¶ 33-34, 73-74. They are the sole entities that communicated the terms of the policy to Ratarsha at the time she was making her decision to opt for said policies or not. *Id*. Further, when it came time for her to unfortunately file a claim, she did so with Alight/Wipro. *Id*. at ¶ 79. In fact, LIC/LAC contacted Alight/Wipro to asked about policy limits. *Id. at* ¶ 33-34, 78-79. Alight/Wipro served as the employer and the plan in all fiduciary functions.

As asserted in the Second Amended Complaint, Alight/Wipro operated as the human resources department for Hilton with respect to the policy in question and many other HR functions. *Id*. at ¶¶ 8, 28. In such, case, Plaintiff has pled that Alight/Wipro served as a joint employer, joint plan administrator, and joint fiduciary.

C. <u>Defendants can also be liable as non-fiduciaries for participation in breaches committed by the Lincoln Defendants</u>.

A § 502(a)(3) action authorizes an action where a non- fiduciary knowingly participates in (1) any breach of fiduciaries' fiduciary duties under ERISA. A nonfiduciary may be liable as a "party in interest," for "appropriate equitable relief," including injunctions and equitable restitution, in civil actions brought by plan participants under 29 U.S.C. § 1132(a)(3). *See also Useden v. Acker*, 947 F.2d 1563, 1581-82 (11th Cir. 1991), cert. denied sub nom. *Useden v. Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel*, 508 U.S. 959, 113 S. Ct. 2927, 124 L.Ed.2d 678 (1993).

A party in interest is a person providing services to [an employee benefit] plan. See § 29 U.S.C. § 1002(14)(B). A party in interest of an employee benefit plan is defined in 29 U.S.C. § 1002(14) and includes *inter alia* any fiduciary (administrator, officer, trustee, custodian, etc.), a person that provides services to the plan (such as an accountant, attorney), an employer of any employees covered by the plan and an employee organization including any members covered by the plan. Such non-fiduciaries may be held liable for such "appropriate equitable relief" if they are "parties in interest" and, with actual or constructive knowledge, they participate in a fiduciary's breach of its duties in transactions between the plan and a party in interest that are expressly prohibited under § 406(a) of ERISA, 29 U.S.C. § 1106(a).

The Supreme Court held that the language of § 502(a)(3) is clear to the degree it does not bar parties from seeking relief from nonfiduciaries. *Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 241, 120 S. Ct. 2180, 147 L.Ed.2d 187 (2000) (Section 502(a)(3)'s authorization of a "`participant, beneficiary, or fiduciary' of a plan to bring a civil action to obtain `appropriate equitable relief' ... extends to a suit against a nonfiduciary `party in interest'" to a prohibited transaction under ERISA). Indeed, the court concluded § 502(a)(3) imposes duties,

itself, to redress violations of ERISA. *Id*. Protection from prohibited transactions is but one of many protections provided by ERISA for plan participants.

Here, even if Defendants were not acting as fiduciaries, § 502(a)(3) places liability squarely on the party who performed fiduciary functions on behalf of the fiduciary. Here, Alight/Wipro are the only parties who represented the terms of the Policy to Ratarsha, and they are the only point of contact that Ratarsha was instructed to contact with respect to her claim. Second Amended Complaint, Dkt. No. 36, ¶¶ 33-34, 73-74, 78-79. In fact, they were so involved in the claim that they instructed LIC/LAC regarding the policy limits upon LIC/LAC's request. *Id*. an be a vehicle by which Plaintiff can obtain relief. Defendants clearly quality as parties in interest, especially at this stage of litigation.

## III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants Alight and Wipro's Motion to Dismiss.

In the alternative, Plaintiff requests the opportunity to amend her complaint to fix any deficiencies (i.e. all interactions Plaintiff had with Defendants) and any other relief to which Plaintiff may be justly entitled.

DATED this 1st day of December 2023.

Respectfully submitted,

By: /s/ Ditty S. Bhatti
Vincent J. Bhatti
Texas State Bar No. 24055169
Ditty S. Bhatti
Texas State Bar No. 24062803

THE BHATTI LAW FIRM, PLLC
5700 Tennysoin Parkway, Ste 300
Dallas, Texas 75024
PH: (214) 253-2533
FX: (214) 279-0033
Email: vincent.bhatti@bhattilawfirm.com
Email: ditty.bhatti@bhattilawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a “Notice of Electronic Filing” to the all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

December 1, 2023
Date

/s/ Ditty S. Bhatti
Ditty S. Bhatti