In the United States District Court
for the Eastern District of Texas
Sherman Division

| | | |
|---|---|---|
| Ratarsha Manier, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| Lincoln Life Assurance Company of Boston; The Lincoln National Life Insurance Company; Alight Solutions, LLC; and Wipro Limited, | § | Civil Action No. 4:23-cv-343-SDJ |
| | § | |
| *Defendants*. | § | |

**Alight Solutions, LLC**
**and Wipro Limited's**
**<u>Reply in Support of their Motion to Dismiss</u>**

Defendants Alight Solutions, LLC ("Alight") and Wipro Limited ("Wipro") respectfully submit this Reply in Support of their Motion to Dismiss (ECF 44).

Plaintiff's Second Amended Complaint (ECF 36) raises three purported causes of action: ***(1)*** a claim for unpaid benefits under ERISA § 502(a)(1)(B), ***(2)*** a claim for breach of fiduciary duty under ERISA § 502(a)(2), and ***(3)*** a claim for breach of fiduciary duty under ERISA § 502(a)(3). Based upon her Response to the Motion to Dismiss, Plaintiff concedes that she has no claim against Alight and Wipro under Section

502(a)(1)(B) and Section 502(a)(2). She also has no claim against them under Section 502(a)(3).

1. ***The ERISA § 502(a)(1)(B) claim.***

Based on her Response to the Motion to Dismiss (ECF 46), it appears that Plaintiff is no longer asserting her ERISA § 502(a)(1)(B) claim against Alight and Wipro. Her Response does not mention Section 502(a)(1)(B). It appears undisputed that neither Alight nor Wipro made the benefits decision at issue and that neither of them have an obligation to pay the claim under the benefits plan. The Lincoln Defendants provide the insurance coverage though which a valid claim is to be paid, and they alone made the decision to deny coverage. The Section 502(a)(1)(B) claim should therefore be dismissed as to Alight and Wipro. *Armando v. AT&T Mobility*, 487 Fed. Appx. 877, 879 (5th Cir. 2012); *Wegner v. Tetra Pak, Inc.*, 643 F.Supp.3d 659, 669 (E.D. Tex. 2022).

2. ***The ERISA § 502(a)(2) claim.***

Perhaps recognizing that she cannot maintain an individual claim for benefits under ERISA § 502(a)(2), Plaintiff's Response to the Motion to Dismiss does not mention that subsection. Her claim under that subsection should be dismissed. *Wegner*, 643 F.Supp.3d at 674 (holding

that Section 502(a)(2) authorizes recovery by the plan only and does not authorize recovery by an individual).

***3. The ERISA § 502(a)(3) claim.***

Plaintiff's purported claim under ERISA §502(a)(3) is not tenable. Section 502(a)(3) is a remedial subsection that only provides relief that is not otherwise available under ERISA. *Wegner*, 643 F.Supp.3d at 674 (citing and quoting *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)).

Plaintiff's lawsuit is based upon her insurance claim seeking AD&D benefits arising from her daughter's death. The Lincoln Defendants denied her claim because of an exclusion in the insurance policy for losses that are not caused by accidents. She is suing to contest that denial. Her cause of action is to be remedied, if at all, under Section 502(a)(1)(B). Her purported claim under Section 502(a)(3) seeks the same relief as her claim under Section 502(a)(1)(B). She therefore cannot proceed with a claim under Section 502(a)(3). *Wegner*, 643 F.Supp.3d at 674.

In support of her purported claim under Section 502(a)(3), Plaintiff contends that, when the loss occurred, she filed her claim with either Alight or Wipro. Even if that were true, there is no allegation that Alight or Wipro mishandled the claim in a way that compromised coverage. Coverage was denied by the Lincoln Defendants based on a substantive

exclusion in the insurance policy. Because claims handling does not give rise to her cause of action, the allegation that she filed her claim with Alight or Wipro is of no consequence and does not support a separate cause of action under Section 502(a)(3).

Plaintiff also generally contends that, when she chose to purchase the policy, she thought the policy limits were $350,000 for the death of herself and her family members, but that she has since learned that the limit is 10% of that amount for family members.[1] In her Response to the Motion to Dismiss, she asserts for the first time that Alight and/or Wipro maintained a website with this information.[2]

Even if we assume for the sake of argument that such a statement was made by Alight or Wipro, it has no bearing on this case. The Lincoln Defendants denied Plaintiff's claim *in its entirety* for reasons having nothing to do with policy limits.

The Lincon Defendants determined that Plaintiff was not entitled to any payment in any amount. Speculation about the hypothetical amount of a payment that doesn't exist is not the proper basis of a lawsuit. As the alleged policy-limits issue does not impact Plaintiff's Section

---

[1] Complaint (ECF 36), paras.76-77.
[2] Response (ECF 46), p. 3.

502(a)(1)(B) claim, her purported claim under Section 502(a)(3) should be dismissed.

Further, Plaintiff still has not provided any specific allegation or example of what statement about policy limits she is referencing. Alight and Wipro have not been notified of a specific statement having been made at a specific time, by a specific person, in a specific form. Neither Alight nor Wipro have been given notice of what either of them (or each of them) supposedly did and are supposed to defend against. This is in contravention of Fed. R. Civ. P. 9(b). The Section 502(a)(3) claim should be dismissed for this additional reason.

If Plaintiff were to try to amend her pleading to state a claim under Section 502(a)(3), she would have to claim in essence that she could recover *if* the Lincoln Defendants had approved her claim (or *if* she were to prevail someday on her claim under Section 502(a)(1)(B)), and *if* in so doing the Lincoln Defendants properly paid her only 10% of what she thought the policy limits were, and *if* she had specific evidence showing that Alight or Wipro misrepresented the policy limits, and *if* (despite evidence to the contrary offered with the Motion to Dismiss) Alight or Wipro were something other than contractors who provided only non-discretionary and non-fiduciary administrative support and IT support,

and *if* (despite evidence to the contrary offered with the Motion to Dismiss) Alight or Wipro had discretion to set the policy limits or the obligation or to provide a summary plan description, and *if* under all of those circumstances Alight or Wipro caused her harm. This is too speculative to survive a motion to dismiss.

As Plaintiff recognizes, on a Rule 12(b)(6) motion the court is to determine whether the complaint states a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the complaint must allow the court to draw a reasonable conclusion that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is to draw upon its judicial experience and common sense to determine whether the complaint does more than merely permit it to *infer* the *possibility* of misconduct; the complaint must *establish* that the plaintiff is entitled to relief. *Id*. at 678-79. A complaint cannot survive a motion to dismiss under Rule 12(b)(6) if it does not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Plaintiff's allegation about policy limits does not raise a right to relief above the speculative level. She has yet to show that she is entitled to any coverage at all, which is what her lawsuit is about and is why the

Lincoln Defendants are the proper parties. The issue of policy limits would potentially come into play only if we were to speculate that, unlike her present circumstance, she were entitled to coverage in the first place. Her claim under Section 502(a)(3), which relies on the irrelevant matter of where she filed her claim and the speculative issue of how much she would have been paid if her claim had been approved, should be dismissed.

### *4. Conclusion*

Based on her Response to the Motion to Dismiss, Plaintiff concedes that she has no claim against Alight or Wipro under ERISA § 502(a)(1)(B) and that she cannot maintain a claim under ERISA § 502(a)(2). Her claim under ERISA § 502(a)(3) is based upon her contention that she filed her claim with Alight or Wipro and that she thought the policy limits were higher than they are because of a website that she says was maintained by Alight or Wipro. Even if she filed her claim with Alight or Wipro, there is no allegation that the claim was mishandled. The Lincoln Defendants denied the claim based upon a substantive coverage exclusion for losses that are not caused by an accident. And even if a website led Plaintiff to misunderstand the policy limits, the Lincoln Defendants denied her claim in its entirety for reasons unrelated to policy limits. She is not permitted to sue Alight and Wipro based upon her speculation that she would have

been paid less than she thought if the Lincoln Defendants had approved her claim.

Plaintiff's claims against Alight and Wipro cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). This lawsuit should be dismissed with prejudice as to those two defendants.

Respectfully submitted,

By: *\/s/ Michael L. Atchley*
Michael L. Atchley
State Bar No. 01397600
matchley@popehardwicke.com

POPE, HARDWICKE, CHRISTIE,
SCHELL, KELLY & TAPLETT, L.L.P.
500 W. 7th Street, Suite 600
Fort Worth, Texas 76102
Telephone No. (817) 332-3245
Facsimile No. (817) 877-4781

Attorneys for Defendants Alight Solutions, LLC and Wipro Limited

**CERTIFICATE OF SERVICE**

This is to certify that a copy of this document is being served on the date of filing by CM/ECF.

*/s/ Michael L. Atchley*
Michael L. Atchley