**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RATARSHA MANIER<br><br>Plaintiff<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, ALIGHT SOLUTIONS, LLC, & WIPRO LIMITED<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 4:23-cv-343-SDJ<br><br>JURY TRIAL DEMANDED |

**JOINT MOTION TO CONTINUE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Ratarsha Manier and Defendants, Lincoln Life Assurance Company of Boston, The Lincoln National Life Insurance Company, Alight Solutions, LLC, and Wipro Limited (collectively the “Parties”) and files this Joint Motion to Continue deadlines established by this Court as provided in the Scheduling Order, Dkt. No. 21. In support, the Parties would show the Court as follows:

**SUMMARY/BACKGROUND**

This dispute arises out of a claim for Accidental Death and Dismemberment Plan (AD&D Plan) benefits and injuries arising from Defendants’ acts/omissions related to representations of benefits related to the AD&D Plan. On July 28, 2023, this Court issued its Scheduling Order [Dkt. No. 21], setting oral argument for March 25, 2024 at 10:00 a.m.

The Parties have engaged in significant motion practice. Generally, the Parties seek this

continuance so that the Parties can comply with the relevant pre-hearing deadlines. This Court's Scheduling Order [Dkt. No. 21][1] was entered prior to the joining of Defendants Alight Solutions, LLC and Wipro Limited [Dkt. No. 22][2]. Thereafter, Defendants Wipro Limited and Alight Solutions, LLC filed a Motion to Dismiss [Dkt. No. 44][3], to which Plaintiff has responded [Dkt. No. 46][4], and Defendants Alight and Wipro filed a reply [Dkt. No. 47][5]. During this time, the deadlines relevant to this case continue to arrive and pass, including but not limited to the mediation[6] and discovery deadlines.

In light of the pending Motion to Dismiss, which is dispositive as to Alight and Wipro, the Parties have not conducted depositions and mediation. Due to the later addition of Wipro and Alight, and their motion to dismiss, which made compliance with the Scheduling Order substantially difficult, the parties now seek a continuance of the scheduling Order, with new deadlines, upon entering a decision regarding the Motion to Dismiss [Dkt. No. 44].

Therefore, the Parties request that this Court continue the Scheduling Order so that the parties can have additional time to schedule mediation, complete discovery, settlement negotiations, without incurring additional litigation costs. The Parties have conferred regarding this Motion, and all parties approve of this requested relief.

## <u>ARGUMENT AND AUTHORITIES</u>

A. <u>Standard for Modification of Scheduling Order</u>

Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). *See S & W Enters. LLC v.*

---

[1] July 28, 2023
[2] August 18, 2023
[3] Filed November 17, 2023
[4] Filed December 1, 2023
[5] Filed December 8, 2023
[6] Dkt. No. 21, Scheduling Order.

*Southtrust Bank of Ala*., 315 F.3d 533, 535 (5th Cir. 2003). The good cause standard focuses on the diligence of the party that is seeking to modify the deadlines contained in the scheduling order. *Id. See Forge v. City of Dallas*, 2004 U.S. Dist. LEXIS 10388, slip op. at 2 (N.D. Tex. June 4, 2004)). This standard requires the "'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters*., 315 F.3d at 535. (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). "The Rule recognizes that 'the parties will occasionally be unable to meet [deadlines] because scheduling order deadlines are [generally] established relatively early in the litigation.'" *In re Roqumore*, 2010 WL 148189, slip op. at 2 (Bkr. S.D. Tex., January 08, 2010) (*quoting O'Connell v. Hyatt Hotels of P.R*., 357 F.3d 152, 154 (9th Cir. 2004)). Four factors are considered to determine if good cause has been shown under Rule 16(b): "'(1) the explanation for the failure to [conform to the scheduling order]; (2) the importance of the [proposed modification]; (3) potential prejudice in allowing the [proposed modification]; and (4) the availability of a continuance to cure such prejudice.'" *S & W Enters., LLC*, 315 F.3d at 536. *See also Lincoln General Ins. Co. v. U.S. Auto Ins. Services, Inc.*, 2009 U.S. Dist. LEXIS 36426, slip op. at 2 (N.D. Tex. April 28, 2009).

B. <u>Good Cause Exists to Continue the Hearing Date and Corresponding Pre-Hearing Deadlines</u>

Here, good cause exists to modify this Court's Scheduling Order. The outcome of the pending Motion to Dismiss by Alight and Wipro could render certain deadlines moot or reduce the number of triable issues against them. This continuance is not sought for delay, but so that the parties can have the same deadlines between all parties, without separate deadlines for the later added deadlines, Wipro and Alight. Granting this motion and continuing the oral argument date

and discovery deadline will not prejudice any party to this action, but rather would aid in setting uniform deadlines with a clear understanding of the issues that survive amongst the parties.

This is the first request for continuance in this action. This continuance is not sought to burden this court or to cause unnecessary delay, but so that justice may be done.

## **CONCLUSION**

WHEREFORE, Plaintiff Ratarsha Manier and Defendants, Lincoln Life Assurance Company of Boston, The Lincoln National Life Insurance Company, Alight Solutions, LLC, and Wipro Limited request that this Court grant their Joint Motion to Continue.

The Parties further request that the Court vacate the current Scheduling Order and oral argument setting and reset a new Scheduling Order and oral argument setting once Alight Solutions, LLC and Wipro Limited's Motion to Dismiss is decided.

Respectfully Submitted,

By: /s/ Ditty S. Bhatti

Vincent J. Bhatti
State Bar of Texas No. 24055169
Ditty S. Bhatti
State Bart No. 24062803

THE BHATTI LAW FIRM, LLC
5700 Tennyson Parkway
Suite 300
Dallas, Texas 75024
Main: (214) 253-2533
Fax: (214) 279-0033
Email: vincent.bhatti@bhattilawfirm.com
Email: ditty.bhatti@bhattilawfirm.com

ATTORNEYS FOR PLAINTIFF

- AND -

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANTS LINCOLN LIFE ASSURANCE COMPANY OF BOSTON AND THE LINCOLN NATIONAL LIFE INSURANE COMPANY

- AND -

By: /s/ Michael L. Atchley
Michael L. Atchley
State Bar of Texas No. 01397600
matchley@popehardwicke.com

POPE, HARDWICKE, CHRISTIE, SCHELL, KELLY & TAPLETT, L.L.P.
500 W. 7th Street, Suite 600
Fort Worth, Texas 76102
Telephone: (817) 332-3245
Facsimile: (817) 877-4781

ATTORNEYS FOR DEFENDANTS ALIGHT SOLUTIONS LLC AND WIPRO LIMITED

## CERTIFICATE OF CONFERENCE

On December 14, 2023, counsel for Plaintiff and Counsel for Defendants conducted conferences on the matters presented in this motion and counsel is **not opposed** to the relief sought in this Motion.

/s/ Ditty S. Bhatti

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

December 15, 2023
Date

/s/ Ditty S. Bhatti
Ditty S. Bhatti